**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00363-APG-EJY |
| Plaintiff, | |
| v. | **ORDER FINDING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS** |
| SHAUN PATRICK ANDERSON, | |
| Defendant. | |

UNITED STATES OF AMERICA,

Case No. 2:21-cr-00178-APG-DJA

Plaintiff,
v.

SHAUN PATRICK ANDERSON,

Defendant.

On February 5, 2026, I conducted a hearing on the Probation Office's petition and three addenda alleging that Mr. Anderson violated conditions of supervision. Mr. Anderson admitted to allegations 1-6 of the petitions and first two addenda. He denied allegation 7 of the third addendum, which alleges he possessed child sexual abuse material (CSAM). (Case No. 17-cr-363, ECF No. 174; Case No. 21-cr-178, ECF No. 115). The parties presented evidence, witnesses, and arguments regarding allegation 7, and I reviewed 12 videos *in camera*.[1]

---

[1] Given the nature of the images and videos, the admitted exhibits are kept under seal in the court's record for appellate purposes.

Allegation 7 contends that Mr. Anderson violated 18 U.S.C. § 2252A(a)(5)(b).  The Probation Office must prove the violation by a preponderance of the evidence. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015).  The elements of that charge are:

> First, the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

> Second, the defendant knew the visual depictions contained in the matters showed minors engaged in sexually explicit conduct;

> Third, the defendant knew that production of the visual depictions involved use of minors in sexually explicit conduct; and

> Fourth, the visual depictions had been mailed, shipped, or transported using any means or facility of interstate commerce including by computer.

Ninth Circuit Model Criminal Rule 20.23.  Mr. Anderson admits the fourth element, so the first three elements are at issue.

Allegation 7 is based upon materials found on two cellular phones seized from Mr. Anderson and his iCloud account.  Mr. Anderson conducted online searches for "Twinks," which describes boyish-looking young men.  But investigators found no evidence he searched for CSAM.  Mr. Anderson downloaded photos and videos from gayboystube.com.  That website has various disclaimers that all persons appearing in images posted on it are over the age of 18.  In addition, the owner of that website employs content moderators to avoid having images containing CSAM uploaded to the site.  While certainly not a foolproof system, this could give a person visiting that website reasonable assurance that images being viewed are not CSAM.  Thus, with regard to the images downloaded from gayboystube.com, I do not find that Mr. Anderson knew that the people appearing on those images were under the age of 18.

2

Additional videos were found on Mr. Anderson's BLU cell phone that do not appear to be downloaded from gayboystube.com.  I was provided a sample of 12 videos to review *in camera*.  They do not indicate where they were downloaded from and do not bear any logo or other indication that they were downloaded from gayboystube.com.  Thus, Mr. Anderson cannot have relied on the gayboystube.com disclaimers as to these videos.  At least three of the 12 videos depict boys under the age of 18 masturbating.[2]  Masturbation constitutes "sexually explicit conduct." 18 U.S.C. § 2256(2)(A)(iii).  These videos were downloaded to Mr. Anderson's phone and iCloud account, so he knowingly possessed them.  The Probation Office has satisfied the elements of the charge by a preponderance of the evidence.  Therefore, I find that Mr. Anderson violated the condition described in allegation 7.

The continued revocation hearing is scheduled for February 25, 2026 at 11:30 a.m.

DATED this 13th day of February, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Those videos have file names beginning "189…," "196…," and "149…."